**IT IS ORDERED as set forth below:**



**Date: December 31, 2019**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| PALADIN HOSPITALITY, LLC, | ) | Case No. 18-67292-PMB |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER (A) APPROVING FORM OF ASSET PURCHASE AGREEMENT;
(B) APPROVING SALE OF CERTAIN ASSETS; (C) APPROVING THE ASSUMPTION
AND ASSIGNMENT OF EXECUTORY CONTRACTS AND LEASES AND
<u>(D) GRANTING RELATED RELIEF</u>**

THIS MATTER came before this Court at a hearing on December 16, 2019 at 2:00 p.m. (Eastern Time) (the "<u>Sale Hearing</u>") upon the **MOTION FOR ORDER (A) APPROVING FORM OF ASSET PURCHASE AGREEMENT; (B) APPROVING SALE OF CERTAIN ASSETS; (C) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND LEASES AND (D) GRANTING RELATED RELIEF** [Docket No. 106]

SGR/21992751.1

(the "Sale Motion")¹ filed by the above-captioned debtor and debtor-in-possession (the "Debtor") on November 21, 2019.  Present at the hearing were Will Rountree, Counsel for Debtor, Brian Hall, Counsel for the purchaser, and Jay Burton, Counsel for Debtor's landlord.  This Court having considered the Sale Motion, the relief requested therein, and the responses thereto, if any, and determining that such matters are core proceedings in accordance with 28 U.S.C. § 157(b); considering the record of the Sale Hearing and all other pleadings and proceedings in this chapter 11 case, including the Sale Motion, after due deliberation and sufficient cause appearing therefore, this Court finds that approving and authorizing the sale of the Purchased Assets (the "Asset Sale"), in accordance with the provisions contained in this Order, is in the best interests of the Debtor's estate.  Accordingly,

IT IS HEREBY FOUND AND DETERMINED THAT:

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C. On or about November 21, 2019, the Debtor served notice of the Sale Motion, upon: (1) all entities who claim any interest in or lien upon the Purchased Assets; (2) Rohrig Investments, LP ("Rohrig"), party to the Real Estate Lease which is to be assumed and assigned

---

¹ Reference herein is made to that certain Asset Purchase Agreement dated as of November ==, 2019 by and between DGI Hospitality, LLC, as buyer (the "Buyer"), and Paladin Hospitality, LLC, as seller (as may be amended, the "Asset Purchase Agreement").

2

to the Buyer pursuant to the terms of the Asset Purchase Agreement; (3) all governmental taxing authorities who have, or as a result of the sale of the Purchased Assets may have, claims, contingent or otherwise, against the Debtor; (4) all parties who filed requests for notices under Bankruptcy Rule 9010(b) or were entitled to notice under Bankruptcy Rule 2002; (5) all creditors of the Debtor; (6) all interested governmental, pension and environmental entities;  and (7) the Office of the United States Trustee (the "<u>U.S. Trustee</u>.")  Accordingly, proper, timely, adequate and sufficient notice of the Sale Motion, and the Sale Hearing has been provided in accordance with sections 102(1) and 363(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Bankruptcy Rules 2002, 6004, 6006, 9006, 9007, 9008 and 9014, the local rules of this Court. No other or further notice of the Sale Motion, the Sale Hearing, and the assumption and assignment of the Real Estate Lease  is necessary.

      D.     Accordingly, a reasonable opportunity to object or be heard regarding the relief requested in the Sale Motion has been afforded to all interested persons and entities.

      E.     The Debtor has demonstrated a sufficient basis and the existence of exigent circumstances requiring them to sell the Purchased Assets and assume and assign the Real Estate Lease under sections 363 and 365 of the Bankruptcy Code outside of a plan of reorganization, and such actions are appropriate and reasonable exercises of the Debtor's business judgment and are in the best interests of the Debtor, its estates and its creditors.

      F.     The offer of the Buyer, as set forth in the Asset Purchase Agreement, to acquire the Purchased Assets and the Real Estate Lease pursuant to the Asset Purchase Agreement is the highest and best offer received by the Debtor.  The purchase price set forth in the Asset Purchase Agreement is fair, is in the best interest of the Debtor's estate and constitutes full and adequate consideration and reasonably equivalent value for the Purchased Assets.

G. Without an expeditious sale of the Purchased Assets free and clear of liens, claims, encumbrances and interests, and the assumption and assignment of the Real Estate Lease, there will be a substantial diminution in the value of the Debtor and its assets to the detriment of its creditors and other parties in interest.

H. The Buyer is a purchaser in good faith, as that term is used in the Bankruptcy Code and the decisions appurtenant thereto, and is entitled to the protections of sections 363(m) and (n) of the Bankruptcy Code with respect to all of the Purchased Assets and the Real Estate Lease.  The Asset Purchase Agreement was negotiated and entered into in good faith, based upon arm's-length bargaining and without collusion.  Neither the Debtor nor the Buyer has engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code or cause the application of section 363(n) to the Asset Purchase Agreement.

I. The Debtor has full limited liability company power and authority to execute the Asset Purchase Agreement and all other documents contemplated thereby, and the sale of the Purchased Assets has been duly and validly authorized by all necessary limited liability company authority necessary to consummate the transactions contemplated by the Asset Purchase Agreement.  No consents or approvals, other than as expressly provided for in the Asset Purchase Agreement, are required by the Debtor to consummate such transactions.

J. The Debtor has advanced sound business reasons for seeking to enter into the Asset Purchase Agreement and to sell the Purchased Assets and assume and assign the Real Estate Lease, as more fully set forth in the Sale Motion and as demonstrated at the Sale Hearing, and it is a reasonable exercise of the Debtor's business judgment to sell the Purchased Assets and to execute and deliver the Asset Purchase Agreement to the Buyer.

K. The terms and conditions of the Asset Purchase Agreement, including the total consideration to be realized by the Debtor pursuant to the Asset Purchase Agreement, are fair and reasonable and the transactions contemplated by the Asset Purchase Agreement are in the best interests of the Debtor's creditors and bankruptcy estate.

L. A valid business purpose exists for approval of the transactions contemplated by the Sale Motion and the Asset Purchase Agreement pursuant to section 363(b) of the Bankruptcy Code. The transfer of the Purchased Assets and the Real Estate Lease from the Debtor to the Buyer is a legal, valid and effective transfer of the Purchased Assets and the Real Estate Lease notwithstanding any requirement for approval or consent by any person.

M. Except for the limited amount of liabilities expressly assumed by the Buyer pursuant to the Asset Purchase Agreement (the "Assumed Liabilities"), the Buyer is not assuming any of the debts, liabilities or obligations of the Debtor. The Debtor and the Buyer do not have any common controlling shareholders or senior management. The Asset Purchase Agreement is being entered into in good faith and not to hinder, delay or defraud any creditors of the Debtor. The Buyer is not a continuation of the Debtor or its estate. There is no continuity of enterprise between the Debtor and the Buyer. The Buyer is not a successor to the Debtor or its estate, and the transactions contemplated in the Asset Purchase Agreement do not amount to or otherwise constitute a consolidation, merger or de facto merger of the Buyer and the Debtor or its estate.

N. The assumption and assignment of the Real Estate Lease is integral to the Asset Purchase Agreement and is in the best interests of the Debtor and its estate, its creditors and other parties in interest and represents the reasonable exercise of sound and prudent business judgment by the Debtor. Unless requested by the Buyer, no consents or approvals, including,

without limitation, any consent or approval of any governmental unit, are required for the assumption and assignment of the Real Estate Lease to be binding and effective in all respects.

O.  The Debtor and the Buyer have, to the extent necessary, satisfied the requirements of section 365 of the Bankruptcy Code, including sections 365(b)(1)(A), (B) and 365(f), in connection with the Asset Sale and the assumption and assignment of the Real Estate Lease to the extent provided under the Asset Purchase Agreement.

P.  Cause has been shown as to why this Order should not be subject to the stay provided by Bankruptcy Rules 6004(h) and 6006(d).

Q.  The sale of the Purchased Assets outside of a plan of reorganization pursuant to the Asset Purchase Agreement neither impermissibly restructures the rights of the Debtor's creditors nor impermissibly dictates the terms of a liquidating plan of reorganization for the Debtor.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.  The relief requested in the Sale Motion is GRANTED as set forth herein.

2.  All objections to the Sale Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3.  This Court has jurisdiction to hear and adjudicate the Sale Motion and to grant the relief requested therein pursuant to 28 U.S.C. §§ 157 (b)(1) and 1334(b).  Venue of these cases in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4.  This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (N) and (O).

5. The statutory predicates for the Sale Motion are sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006.

6. The Asset Purchase Agreement and the transactions contemplated thereby shall be, and hereby are, approved and the Debtor is hereby authorized, empowered and directed to enter into and to perform its obligations under the Asset Purchase Agreement in accordance therewith or any amendment entered into and to execute and perform such agreements or documents and take such other actions as are necessary or desirable to effectuate the terms of the Asset Purchase Agreement.

7. The Debtor shall be, and hereby is, authorized, empowered and directed, pursuant to sections 105 and 363(b) of the Bankruptcy Code, to sell the Purchased Assets to the Buyer upon delivery of the consideration in accordance with the Asset Purchase Agreement and completing all other deliveries required under the Asset Purchase Agreement.  The Debtor shall be, and hereby is, authorized, empowered and directed, pursuant to section 365 of the Bankruptcy Code, to assume and assign the Real Estate Lease to the Buyer upon delivery of the consideration in accordance with the Asset Purchase Agreement and completing all other deliveries required under the Asset Purchase Agreement.  With the sole exception of the Assumed Liabilities, pursuant to section 363(f) of the Bankruptcy Code, the Asset Sale and the assumption and assignment of the Real Estate Lease pursuant to the Asset Purchase Agreement and this Order shall be free and clear of any and all charge, lien, claim, mortgage, sublease, hypothecation, deed of trust, pledge, mortgage, security interest, interest, license, preference, priority, right of pre-emption, tax (including foreign, federal, state and local tax), order of any governmental authority or unit, option, right of use, first offer or first refusal, easement, servitude, restrictive covenant, encroachment, encumbrance, or other similar restriction of any

SGR/21992751.1

kind or nature, whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non contingent, liquidated or unliquidated, matured or unmatured, disputed or undisputed, or known or unknown, whether arising prior to or subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or otherwise, including without limitation, any right of setoff, recoupment, netting or deduction other than as permitted under the Asset Purchase Agreement (collectively, the "<u>Liens and Encumbrances</u>").  All Liens and Encumbrances on and in respect of the Purchased Assets shall attach to the proceeds of the Asset Sale to be disbursed in accordance with further order of this Court.

8. Upon the closing of the purchase and sale of the Purchased Assets pursuant to the Asset Purchase Agreement (the "<u>Closing</u>"), each of the Debtor's creditors are authorized and directed to execute such documents and take all other actions as may be necessary to release any and all Liens and Encumbrances of any kind against the Purchased Assets as such Liens and Encumbrances may have been recorded or may otherwise exist.

9. This Order shall be binding upon and govern the acts of all persons or entities, including without limitation, all filing agents, recording agencies, secretaries of state and all other persons and entities who may be required by operation of law to accept, file, register or otherwise record or release any documents or instruments.

10. Subject to the delivery of the consideration in accordance with the Asset Purchase Agreement and completing all other deliveries required under the Asset Purchase Agreement, effective as of the Closing, (a) the sale of the Purchased Assets and the assumption and assignment of the Real Estate Lease by the Debtor to the Buyer shall constitute a legal, valid and effective transfer of the Purchased Assets and the Real Estate Lease notwithstanding any

requirement for approval or consent by any person and shall vest the Buyer with all right, title and interest in and to the Purchased Assets and the Real Estate Lease, free and clear of all Liens and Encumbrances pursuant to section 363(f) of the Bankruptcy Code and (b) the assumption of any Assumed Liabilities by the Buyer shall constitute a legal, valid and effective delegation of any Assumed Liabilities to the Buyer and shall divest the Debtor of all liability with respect to any such Assumed Liabilities.

11.    Upon payment of the purchase price set forth in the Asset Purchase Agreement, the Buyer is hereby generally released from any and all claims and defenses that the Debtor, its affiliates, successors and assigns or any party claiming through the Debtor, its affiliates, successors and assigns may have against the Buyer, its affiliates, successors and assigns other than claims against the Buyer or its affiliates, successors and assigns arising under the Asset Purchase Agreement.

12.    The sale of the Purchased Assets to the Buyer under the Asset Purchase Agreement will constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and all applicable non-bankruptcy law.

13.    The Buyer is hereby granted and is entitled to the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code, including with respect to any transfer of the Real Estate Lease as part of the sale of the Purchased Assets pursuant to section 365 of the Bankruptcy Code and this Order.

14.    The assumption by the Debtor of Real Estate Lease and the assignment of the Real Estate Lease to the Buyer, as provided for or contemplated by the Asset Purchase Agreement, are hereby authorized and approved subject to the occurrence of the Closing under the Asset Purchase Agreement.

15. In exchange for Rohrig's agreement to the assumption and assignment of the Real Estate Lease, in addition to the obligations set forth in the Real Estate Lease, Buyer has agreed to assume (a) Debtor's obligations under that certain promissory note known as the "TI Note" which Rohrig and Buyer agree as follows: (1) principal in the current principal amount of $33,357.86, accruing interest at a fixed interest rate of 7 percent per annum, payable at $937.44 per month, with monthly payments commencing January 1, 2020 and continuing on the first day of each month thereafter and (2) note arrearages in the amount of $12,186.71, with monthly payments in the amount of $364.56 commencing on January 5, 2020 and continuing on the fifth day of each month thereafter. In addition, Buyer agrees to pay the arrearages due under the Real Estate Lease in the amount of $31,127.50 as follows: $10,000 upon Closing and $1,538,55 per month thereafter until fully repaid. Rohrig is not requiring any guaranties from any third parties in connection with the assumption and assignment of the Real Estate Lease.

16. This Order shall be binding in all respects upon the Debtor, its estate, all creditors, all holders of equity interests in the Debtor, all holders of any Liens and Encumbrances (whether known or unknown) against the Debtor, any holders of Liens and Encumbrances against or on all or any portion of the Purchased Assets, all counterparties to any executory contract or unexpired lease of the Debtor, the Buyer and all successors and assigns of the Buyer, and any trustees, examiners or other fiduciary under any section of the Bankruptcy Code, if any, subsequently appointed in the Debtor's chapter 11 case or upon a conversion to chapter 7 under the Bankruptcy Code of the Debtor's case. The terms and provisions of the Asset Purchase Agreement and this Order shall inure to the benefit of the Debtor, its estate and its creditors, the Buyer, and their respective affiliates, successors, and assigns, and any affected third parties, including, but not limited to, all persons asserting any encumbrances, claims, interests and Liens

in the Purchased Assets to be sold to the Buyer pursuant to the Asset Purchase Agreement, notwithstanding any subsequent appointment of any trustee(s), party, entity, or other fiduciary under any section of any chapter of the Bankruptcy Code, as to which trustee(s), party, entity, or other fiduciary such terms and provisions likewise shall be binding.

17. Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in (a) this chapter 11 case, (b) any subsequent chapter 7 or chapter 11 case of the Debtor or (c) any related proceeding subsequent to entry of this Order, shall conflict with or derogate from the provisions of the Asset Purchase Agreement or the terms of this Order.

18. The sale approved by this Order is not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code.

19. The Debtor and the Buyer are authorized and empowered to take all actions (including any pro-rations, adjustments and similar items required by the Asset Purchase Agreement) to close the transactions contemplated by and in accordance with the terms of the Asset Purchase Agreement, and any amendment thereto, and to execute and deliver any and all documents and instruments that either the Debtor or the Buyer deem necessary or appropriate to implement and effectuate the terms of the Asset Purchase Agreement and this Order, including without limitation, bills of sale, assignments, releases, certificates, affidavits and similar documents required of the Debtor pursuant to the Asset Purchase Agreement.

20. Nothing in this Order purports to excuse the Buyer or any other person or entity from compliance with any and all applicable state and federal regulatory laws.

21. Pursuant to sections 105 and 363 of the Bankruptcy Code and with the sole exception of the counterparties to the Assumed Liabilities solely with respect to the Assumed Liabilities, any and all creditors of the Debtor shall be barred, estopped and enjoined from taking

any action of any kind against the Buyer or the Purchased Assets on account of any claim against the Debtor or any Acquired Asset.

22. The Buyer is not a successor to the Debtor or its estate by reason of any theory of law or equity and the Buyer shall not assume or in any way be responsible for any liability or obligation of any of the Debtor and/or its affiliates or estate (whether direct or indirect, liquidated or unliquidated, choate or inchoate, or contingent or fixed), except as otherwise expressly provided in the Asset Purchase Agreement. Subject to the provisions of the Asset Purchase Agreement, the transfer of the Purchased Assets shall be free and clear of all prepetition taxes. Neither the purchase of the Purchased Assets by the Buyer nor the subsequent operation by the Buyer of any business previously operated by the Debtor shall cause the Buyer to be deemed a successor in any respect to the Debtor's business operations within the meaning of any revenue, pension, ERISA, tax, labor, employment, product liability, consumer protection, environmental or any other state or federal rule or regulation. Except as specifically and expressly provided for in the Asset Purchase Agreement, the Buyer shall not be liable for any claims against the Debtor or any of its predecessors or affiliates, and the Buyer shall have no successor or vicarious liabilities of any kind or character, whether known or unknown, now existing or hereafter arising, whether fixed or contingent and however arising, including without limitation, (a) claims related to the development, maintenance or operation of the Purchased Assets and (b) claims related to alleged violations of local, state or federal environmental laws, pollution emissions or other discharges of hazardous substance or containments by the Debtor, any predecessor of the Debtor or any prior owner of the property being sold to the Buyer.

23. The provisions of this Order are nonseverable and mutually dependent.

SGR/21992751.1

24. The failure specifically to include any particular provisions of the Asset Purchase Agreement or any related agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court, the Debtor and the Buyer that the Asset Purchase Agreement and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order prior to the Closing.

25. The Asset Purchase Agreement and any related agreements may be waived, modified, amended or supplemented by agreement of the Debtor and the Buyer without further action of this Court.

26. To the extent any provisions of this Order conflict with the terms and conditions of the Asset Purchase Agreement, this Order shall govern and control.

27. This Court shall retain exclusive jurisdiction to enforce the provisions of this Order and the Asset Purchase Agreement and to resolve any dispute concerning this Order, the Asset Purchase Agreement, or the rights and duties of the parties hereunder or thereunder or any issues relating to this Order and the Asset Purchase Agreement, including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Purchased Assets and the Real Estate Lease and all issues and disputes arising in connection with the relief authorized herein.

END OF DOCUMENT

**Prepared and presented by:**

*/s/ William A. Rountree*

William A. Rountree, GA Bar #616503
Rountree Leitman & Klein, LLC
Century Plaza I
2987 Clairmont Rd.
Atlanta, GA 30308
(404) 584-1244
wrountree@rlklawfirm.co0m

C:\Users\User\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\KK66X7VA\2199275 1_1 - Paladin Order granting sell (003).doc

14

SGR/21992751.1

```
Label Matrix for local noticing          East Andrews Realty, LLC                GFRS Equipment Leasing Fund II, LLC
113E-1                                   c/o Kitchens Kelley Gaynes PC           Diment Porterfield LLP
Case 18-67292-pmb                        Glenridge Highlands One - Suite 800     412 Adamson Square
Northern District of Georgia             5555 Glenridge Connector                Carrollton, GA 30117-3214
Atlanta                                  , GA 30342-4759
Mon Dec 30 11:21:49 EST 2019

Global Financial & Leasing Services, LLC Paladin Hospitality, LLC                Rohrig Investments, LP
Diment Porterfield LLP                   254 W Ponce de Leon Ave,                340 E. Paces Ferry Road
412 Adamson Square                       Decatur, GA 30030-3269                  Atlanta, GA 30305-2352
Carrollton, GA 30117-3214


Rountree Leitman & Klein, LLC            United States Trustee                   Atlanta Division
Rountree Leitman & Klein, LLC            362 Richard Russell Federal Building    1340 United States Courthouse
2800 North Druid Hills Rd.               75 Ted Turner Drive, SW                 75 Ted Turner Drive SW
Bldg. B, Suite 100                       Atlanta, GA 30303-3315                  Atlanta, GA 30303-3315
Atlanta, GA 30329-3921


Acuity CFO, LLC                          American Express                        American Express National Bank
3423 Piedmont Road, NE                   PO Box 1270                             Becket and Lee LLP
Atlanta, GA 30305-1751                   Newark, NJ 07101-1270                   PO Box 3001
                                                                                 Malvern,   PA 19355-0701


American Express National Bank           Ameripride                              BFS Capital
c/o Becket and Lee LLP                   1081 Experiment Stn Rd                  3301 N University Drive
PO Box 3001                              Watkinsville, GA 30677-2441             Ste 300
Malvern  PA 19355-0701                                                           Pompano Beach, FL 33065-4149


BIZFUND                                  BMI                                     Bizfund LLC
762 N. Orange St.                        PO BOX 630893                           2371 McDonald Avenue
Suite 762                                Watkinsville, GA 30677                  Brooklyn NY 11223-4738
Wilmington, DE 19801


Cofactor LLC                             Corporation Service Company             Creadibility Capital
2711 Centerville                         801 Adlai Stevenson Dr.                 419 Park Ave South
Ste 400                                  Springfield, IL 62703-4261              8th Floor
Wilmington, DE 19808-1645                                                        New York, NY 10016-8410


Credibility Capital                      East Andrews Realty LLC                 GFRS Equipment Leasing Fund II, LLC
c/o Seacoast National Bank               c/o David Cooper, Esq.                  Samantha Gunnison, Esq.
815 Colorado Ave, Suite 205              Kitchen Kelley Gaynes PC                Diment Porterfield LLP
Stuart, FL 34994-3053                    5555 Glenridge Connector - Suite 800    412 Adamson Square
                                         Atlanta, GA 30342-4728                  Carrollton, GA 30117-3214


GTR Source                               Gary Dunkel                             Georgia Department of Labor
111 John Street                          C/o Fox Rothschild LLP                  148 Andew Young Int'l Blvd. NE
Suite 1210                               S. Flagler Dr. 17th Floor West Tower    Atlanta, GA 30303-1751
New York, NY 10038-3118                  West Palm Beach, FL 33401


Georgia Department of Revenue            Georgia Dept. of Labor                  Georgia Dept. of Labor
1800 Centrury Center Blvd                Suite 826                               Suite 910
Suite 9100                               148 Andrew Young Inter. Blvd., NE       148 Andrew Young Inter. Blvd., NE
Atlanta, GA 30345                        Atlanta GA 30303-1751                   Atlanta GA 30303-1751
```

| | | |
|---|---|---|
| Georgia Power<br>241 Ralph McGill Blvd NE<br>Atlanta, GA 30308-3374 | Global Financial and Leasing S<br>6263 N. Scottsdale Rd.<br>Ste 222<br>Scottsdale, AZ 85250-5402 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| On Deck Capital<br>155 E 56th St.<br>New York, NY 10022-2743 | On Deck Capital, Inc.<br>101 West Colfax Ave., 10th Floor<br>Denver, CO 80202-5167 | PBS Capital<br>One Evertrust Plaza<br>Suite 1401<br>Jersey City, NJ 07302-3087 |
| Paycor<br>3525 Piedmont Rd. NE<br>5 Piedmont Center, Ste 520<br>Atlanta, GA 30305-1649 | Rohrig Investments, LP<br>Mozley Finlayson & Loggins<br>Attn: Jay Burton<br>5605 Glenridge Drive NE, Suite 900<br>Atlanta, GA 30342-1386 | Seacoast National Bank<br>Assignee of Credibility Capital, Inc.<br>815 Colorado Ave, Ste 205<br>Stuart, FL 34994-3060 |
| United States Attorney<br>Northern District of Georgia<br>75 Ted Turner Drive SW, Suite 600<br>Atlanta GA 30303-3309 | Vend Lease<br>8100 Sandpiper Circle<br>Suite 300<br>Nottingham, MD 21236-4992 | William A. Rountree<br>Rountree Leitman & Klein, LLC<br>Century Plaza I, Suite 175<br>2987 Clairmont Road<br>Atlanta, GA 30329-4406 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)DGI Hospitality, LLC | (u)Vend Lease | End of Label Matrix<br>Mailable recipients    41<br>Bypassed recipients     2<br>Total                  43 |